UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------- x
SIGFREDO ECHEANDIA                  :           3:18 CV 42 (JGM)
                                    :
                                    :
                                    :
V.                                  :
                                    :
                                    :
                                    :
NANCY BERRYHILL                     :
ACTING COMMISSIONER,                :
SOCIAL SECURITY ADMINISTRATION      :           DATE: APRIL 25, 2018
------------------------------------------------- x

RULING ON DEFENDANT'S MOTION FOR ORDER DISMISSING PLAINTIFF'S COMPLAINT

Plaintiff, Sigfredo Echeandia, commenced this action pro se on January 9, 2018, seeking review of a decision by the Commissioner of Social Security denying plaintiff's claim for Social Security Disability Insurance Benefits ["DIB"]. (Dkt. #1).[1] On February 13, 2018, the parties consented to this Magistrate Judge's jurisdiction and the case was transferred accordingly. (Dkt. #16; see Dkts. ##13, 15). On March 9, 2018, the Commissioner filed the pending Motion for Order Dismissing Plaintiff's Complaint. (Dkt. #17).[2] On April 3, 2018, this Magistrate Judge issued an Order allowing plaintiff

---

[1] On the same day, plaintiff filed a Motion for Leave to Proceed In Forma Pauperis (Dkt. #2), which was granted the same day (Dkt. #8), and a Motion to Appoint Counsel (Dkt. #3), which was denied three days later, without prejudice to renew (Dkt. #11).

[2] Attached to plaintiff's Motion is a brief in support and Declaration of Cristina Prelle, Court Case Preparation and Review Branch 4 Office of Disability Adjudication and Review Social Security Administration, dated February 20, 2018 ["Prelle Decl."], attached to which are the following exhibits: copy of Request for Hearing by Administrative Law Judge, dated December 8, 2015 (Exh. 1); copies of English language and Spanish language Notice of Hearing, dated February 1, 2017 (Exh. 2); copy of Acknowledgment of Receipt (Notice of Hearing) signed by plaintiff, dated March 27, 2017 (Exh. 3); copies of English language and Spanish language Notice of Hearing - Important Reminder, dated April 4, 2017 (Exh. 4); copy of Spanish language and English language correspondence from Ryan A. Alger, Administrative Law Judge, dated April 20, 2017 (Exh. 5); copy of Spanish language Request to Show Cause for Failure to Appear, completed by plaintiff and dated April 25, 2017, with English translation attached (Exh. 6); copy of Spanish language and English language Notice of Dismissal, dated July 6, 2017 (Exh. 7); and copy of English language Notice of Appeals Council Action, dated August 31, 2017 (Exh. 8).

additional time to file a brief in opposition to defendant's motion, and warning plaintiff that a "failure to file a response to defendant's motion may result in defendant's motion being granted and plaintiff's case being dismissed without further notice." (Dkt. #19 (emphasis omitted)).[3] Despite being granted additional time to file a brief in opposition to defendant's motion, on April 19, 2018, plaintiff submitted a letter to the Court in which he states that he wants to file a brief in opposition, and that the "reason for the appeal is not agreeing with the outcome as well as having enough evidence of all [of his] medical issues." (Dkt. #20). In this letter, plaintiff also requests that the Court "allow the time to interview [him] and speak with [him] regarding [his] issue." (Dkt. #20).

For the reasons stated below, defendant's Motion for an Order Dismissing Plaintiff's Complaint (Dkt. #17) is granted.

## I. ADMINISTRATIVE PROCEEDINGS

On December 8, 2015, plaintiff requested a hearing by an administrative law judge ["ALJ"] (Dkt. #17, Prelle Decl., Exh. 1), and by Notice, dated February 1, 2017, plaintiff was notified that his hearing was scheduled for April 18, 2017. (Id., Exh. 2).[4] Plaintiff completed his Acknowledgment of Receipt of the hearing notice on March 27, 2017. (Id., Exh. 3). In a letter dated April 4, 2017, plaintiff was reminded of his hearing scheduled for April 18, 2017. (Id., Exh. 4). Thereafter, in a letter from ALJ Ryan Alger, dated April 20, 2017, plaintiff was informed: "Since you did not appear at your hearing, you will need to show good cause if you still want to have a hearing with an

---

[3]See Section I. infra.

[4]Plaintiff speaks and writes in Spanish (see id., Exh. 2); he received English and Spanish copies of the notices from SSA (see id., Exhs. 2-7), although the copy of the Order of Dismissal is in English. (Id., Exh. 8).

As discussed below, this was plaintiff's second hearing; he requested a postponement of his first hearing to secure counsel. (See id., Exh. 7, Order of Dismissal at 2).

administrative law judge. Please complete and sign the enclosed form and return it to our office within ten (10) days. . . ." (Id., Exh. 5). Accordingly, plaintiff responded:

> I went to that hearing but I arrived a bit late because of transportation and that my health is damaged and I do not sleep at night for that reason I need if you would do me the favor of giving it to me in the afternoon and when I went to the first appointment I showed up an hour early and they did not have a translator and that is why they changed the appointment when all the time I had a translator.

(Id., Exh. 6).[5]

In his Order of Dismissal, dated July 6, 2017, ALJ Alger explained that this was the

> second hearing scheduled for the claimant. At the first scheduled hearing, the claimant requested a postponement in order to obtain legal representation. The claimant has been advised, both orally and in writing, that if the claimant failed to obtain legal representation, he must be prepared to proceed with the hearing without representation and that, absent extraordinary circumstances, no further postponement would be granted. In the interim period between the claimant's two hearings, the claimant failed to secure representation.

(Id., Exh. 7, Order of Dismissal at 2)(internal citation omitted). The ALJ concluded that plaintiff had "not given a good reason for his failure to appear at the time and place of hearing[,]" he had "failed to establish any causes that led to his failure to appear[,]" and he "did not detail extraordinary circumstances." (Id.).

Thereafter, plaintiff requested review of the dismissal, which the Appeals Council denied on August 31, 2017. (Id., Exh. 8). On January 9, 2018, plaintiff commenced this action, and on March 9, 2018, defendant filed the pending Motion for Order Dismissing Plaintiff's Complaint. (Dkt. #17). On April 3, 2018, this Magistrate Judge issued the following Order:

---

[5]Plaintiff's response was written in Spanish and translated to English on June 22, 2017. (See id.).

> On January 9, 2018, plaintiff, representing himself, filed his Social Security Complaint (Dkt. #1), regarding the denial of his application for Social Security Disability Benefits. (See also Dkts. ##2-3, 8, 11). On February 13, 2018, both parties consented to the jurisdiction of this Magistrate Judge. (Dkts. ##13, 15-16).
>
> On March 9, 2018, defendant filed the pending Motion to Dismiss Plaintiff's Complaint (Dkt. #17), on the grounds that there was no "final decision" issued regarding plaintiff's application because he failed to appear before the Administrative Law Judge ["ALJ"] for his hearing, plaintiff failed to provide an adequate reason for his failure to appear after the ALJ requested an explanation, and plaintiff has not asserted "a colorable constitutional claim[,]" which would permit the Court to hear plaintiff's case even in the absence of a "judicially reviewable final decision." (Dkt. #17, Brief at 2-7).
>
> Plaintiff has failed to file a timely brief in opposition. (See Local Rule 7(a)2 (briefs in opposition are due twenty-one days after a motion is filed)). Because plaintiff does not have an attorney, he is now permitted until **April 13, 2018** to file a brief in opposition to defendant's Motion to Dismiss. Under Local Rule 7(a)2, failure to submit a brief in opposition to a motion "may be deemed sufficient cause to grant the motion. . . ." If plaintiff does file a brief in opposition, then defendant's reply brief will be due **on or before April 20, 2018**.
>
> Although defendant moves to dismiss plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), the failure to exhaust is a waivable requirement under Section 405(g), and, insofar as defendant relies on matters outside of the pleadings, this Court may convert defendant's motion to one for summary judgment. See Escalera v. Comm'r of Soc. Sec., 457 F. App'x 4, 5 n.1 (2d Cir. 2011).
>
> Accordingly, **plaintiff is hereby warned that his failure to file a response to defendant's motion may result in defendant's motion being granted and plaintiff's case being dismissed without further notice.**

(Dkt. #19 (emphasis in original)). As discussed above, on April 19, 2018, plaintiff submitted his letter to the Court. (See Dkt. #20).

II. DISCUSSION

A. SUBJECT MATTER JURISDICTION

"'Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008), quoting Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir. 2008), aff'd, 561 U.S. 247 (2010). It is well settled that the burden of proving subject matter jurisdiction rests with the party asserting it. Id.

Under the Social Security Act, a federal court has jurisdiction over a Social Security appeal after the Commissioner renders a final decision. 42 U.S.C. § 405(g).[6] The "requirement of a 'final decision' has two components: (1) a jurisdictional, non-waivable requirement that a claim for benefits has been presented to the agency, and (2) a waivable requirement that the administrative remedies prescribed by the Commissioner have been exhausted." Escalera v. Comm'r Soc. Sec., 457 F. App'x 4, 5-6 (2d Cir. 2011), citing Bowen v. City of New York, 476 U.S. 467, 483 (1986); Mathews v. Eldridge, 424 U.S. 319, 328 (1976)(footnote omitted).[7] See also Mai v. Colvin, No. 14 CV 5414 (PKC),

---

[6]42 U.S.C. § 405(g) reads, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

[7]The principal of exhaustion is an important one, as exhaustion

is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate

2015 WL 8484435, at *2 (E.D.N.Y. Dec. 9, 2015). While Congress does not define the term "final decision," "its meaning is left to the [Commissioner] to flesh out by regulation," and the Commissioner has specified such requirements for administrative exhaustion. Weinberger v. Salfi, 422 U.S. 749, 766 (1975)(footnote omitted); see 42 U.S.C. § 405(a)("The Commissioner of Social Security shall have full power and authority to make rules and regulations and to establish procedures, . . . which are necessary or appropriate to carry out such provisions . . . ."). Specifically, the Commissioner, in the Social Security Regulations, has articulated a four-step process by which a claimant must exhaust certain administrative remedies before proceeding to court. First, a claimant files an application for benefits and receives an initial determination. 20 C.F.R. § 404.902. If a claimant is "dissatisfied with the initial determination," he may request reconsideration, 20 C.F.R. § 404.907, and if he is still dissatisfied with the reconsidered decision, he may request a hearing before an ALJ. 20 C.F.R. § 404.929. The claimant may seek review of an unfavorable decision by an ALJ by requesting that the Appeals Council review the ALJ's decision. 20 C.F.R. § 404.967. The subsequent decision by the Appeals Council is the final decision of the Commissioner; thus, a claimant may then seek judicial review by

---

for judicial review.

Weinberger, 422 U.S. 749, 765 (1975)(citation omitted).

The failure to exhaust is a waivable (i.e., non-jurisdictional) requirement under Section 405(g). See Bowen v. City of New York, 476 U.S. 467, 483 (1986). Rule 12(b)1 may not be the grounds on which defendant may seek dismissal. Moreover, the consideration of defendant's Motion involves consideration of matters outside the pleadings; accordingly dismissal under 12(b)(6) is not appropriate, and the Court can convert defendant's motion to dismiss for one for summary judgment. Escalera, 457 F. App'x at 5, n.1; Mai, 2015 WL 8484435, at *3. As stated above, on April 3, 2018, this Court provided unequivocal notice to plaintiff as follows: "**plaintiff is hereby warned that his failure to file a response to defendant's motion may result in defendant's motion being granted and plaintiff's case being dismissed without further notice.**" (Dkt. #19)(emphasis in original). See Escalera, 457 F. App'x at 5, n.1; see Mai, 2015 WL 8484435, at *3.

filing an action in a federal district court within sixty days after receiving notice of the Appeals Council's action. 20 C.F.R. § 404.981. Accordingly, judicial review of a claim for social security benefits "is available only if the claimant has exhausted his administrative remedies by obtaining a final decision of the Commissioner." Payne v. Astrue, No. 10 Civ. 2629 (BSJ)(THK), 2011 WL 1770789, at *4 (S.D.N.Y. Apr. 15, 2011), citing Califano v. Sanders, 430 U.S. 99, 108 (1977), approved and adopted, 2011 WL 1770783 (May 9, 2011), aff'd, 547 F. App'x 72 (2d Cir. 2013). "Without a final decision, this Court does not have subject matter jurisdiction over the suit." Id. at *4, citing Mathews v. Chater, 891 F. Supp. 186, 188 (S.D.N.Y. 1995)(dismissing Social Security suit for lack of subject matter jurisdiction where plaintiff failed to obtain a final decision), aff'd, 101 F.3d 681 (2d Cir. 1996)(additional citation omitted).

In this case, plaintiff failed to appear for his second scheduled hearing. An ALJ may dismiss a request for a hearing if a claimant does not appear at the time and place set for the hearing, and does not, within ten days after the ALJ mails a notice asking the claimant why he did not appear, provide a "good cause" or a "good reason" for his failure to attend. 20 C.F.R. §§ 404.957(b)(1)(i)-(ii). In determining a "good reason[,]" the ALJ will "consider any physical, mental, education, or linguistic limitations (including the lack of facility with the English language)[.]" 20 C.F.R. § 404.957(b)(2).

"'Ordinarily, the [Commissioner] has discretion to decide when to waive the exhaustion requirement. But . . . 'cases may arise where a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate.'" Escalera, 457 F. App'x at 6, quoting Bowen, 476 U.S. at 483, quoting Elridge, 424 U.S. at 330 (additional citations omitted). The court may excuse a claimant's failure to exhaust if "'(1) the claim is collateral to a demand for benefits, (2) exhaustion

would be futile, or (3) requiring exhaustion would result in irreparable harm.'" Id., quoting Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

In this case, plaintiff requested a postponement of his first hearing in order to obtain legal representation. (See Dkt. #17, Exh. 7, Order of Dismissal at 2). He was "advised, both orally and in writing, that if [he] failed to obtain legal representation, he must be prepared to proceed with the hearing without representation and that, absent extraordinary circumstances, no further postponements would be granted." (Id.). After plaintiff failed to appear for his second hearing, he explained that he was late "because of transportation[,]" that his health "is damaged[,]" and that he would prefer an afternoon appointment because he does not sleep well at night. (Id., Exh. 6). The ALJ concluded that plaintiff did "not give[] a good reason for his failure to appear at the time and place of hearing[,]" he "failed to establish any causes that led to his failure to appear[,]" and he "did not detail extraordinary circumstances." (Id., Exh. 7, Order of Dismissal at 2). This case does not involve a colorable constitutional claim which would make this case judicially reviewable despite the lack of a final decision, see Califano, 430 U.S. at 108-09, nor does it include circumstances in which the exhaustion requirement is waived, as his claim is not collateral to a demand for benefits, exhaustion would not be futile, and requiring exhaustion will not result in irreparable harm. Moreover, in his April 19, 2018 letter to the Court (see Dkt. #20), plaintiff does not challenge the fact that no final decision was issued in his case, but rather, seeks the Court's review and consideration of his underlying medical issues that were the subject of his application for benefits. The Court lacks jurisdiction to do what plaintiff seeks.

Accordingly, in the absence of a "final decision" as required by 42 U.S.C. § 405(g), this case must be dismissed. Defendant's Motion for Order Dismissing Plaintiff's Complaint (Dkt. #17) is <u>granted</u>.

### III. CONCLUSION

For the reasons stated above, defendant's Motion for Order Dismissing Plaintiff's Complaint (Dkt. #17) is <u>granted</u>.

Dated this 25th day of April, 2018, at New Haven, Connecticut.

                                           /s/Joan G. Margolis, USMJ
                                           Joan Glazer Margolis
                                           United States Magistrate Judge